IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | | |
| | ) | | |
| v. | ) | No. | 26-MJ-1071 |
| | ) | | |
| KEDARIUS WATERS | ) | | Judge Holmes |

## AMENDED MOTION FOR DETENTION AND DETENTION HEARING

The United States of America, by and through its attorney, the United States Attorney for the Middle District of Tennessee, respectfully files this memorandum in support of pre-trial detention. The United States anticipates advising the Court at Kedarius Waters' (the defendant) initial appearance in the Middle District of Tennessee, that it intends to request that the defendant be held in pretrial custody because he constitutes a flight risk and danger to the community. The government is entitled to a detention hearing, under Title 18, United States Code, Sections 3142(f)(1)(A) and (E), because this case involve a crime of violence and the use and possession of a firearm, respectively. The United States requests the defendant's continued detention pending trial in this matter and seeks three days to prepare for a detention hearing.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The United States relies on the facts in the Criminal Complaint filed in the Northern District of Texas for a more in-depth recitation of the facts of this case. (ND/TX Case No. 3:26-MJ-328-BK). To summarize, the defendant and others traveled from Tennessee to Dallas, Texas, in January 2026, and kidnapped and robbed multiple individuals in a music studio. ¶ 3. As a part of this violent offense, the defendant brandished a firearm, along with others, and demanded property from the victims. ¶ 16. One of the victims was chocked from behind until the point where he almost lost consciousness. ¶ 19. To effectuate this offense, the defendant and his co-

conspirators rented cars and hotel room(s). ¶¶ 26, 32, 35-36. The defendant and others then returned to Tennessee after committing these offenses.

On March 30, 2026, the Honorable Renee Harris Toliver, United States Magistrate Judge in the Northern District of Texas, signed a criminal complaint and arrest warrant for the defendant and eight other individuals. The defendant has since been arrested in the Middle District of Tennessee.

Upon the defendant's arrival at the federal courthouse, the United States hereby moves to have him detained pending his trial in this case and request three days to prepare for this hearing.

## II. LEGAL PRINCIPLES GOVERNING REQUESTS FOR DETENTION

### A. FACTORS JUSTIFYING DETENTION

A defendant may be detained pending trial if the Court finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and thesafety of any other person and the community." 18 U.S.C. § 3142(e)(1). In determining whether there are conditions of release that will reasonably assure the defendant's appearance and the safetyof the community, the Court shall consider: (1) the nature and circumstances of the offense charged, including whether, for example, the offense is a crime of violence or involves a narcoticdrug; (2) the weight of the evidence of dangerousness against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person orthe community that would be posed by the defendant's release. 18 U.S.C. § 3142(g).

A judicial officer's finding of dangerousness must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f)(2)(b); *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010).

2

When "risk of flight" is the basis for detention, however,the government must only satisfy a preponderance of the evidence standard. *United States v. Xulam*, 84 F.3d 441, 442 (D.C. Cir. 1996); *United States v. Chimurenga*, 760 F.2d 400, 405-06 (2d Cir. 1985); *United States v. Fortna*, 769 F.2d 243, 250 (5th Cir. 1985); *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985); *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).

### III. THIS COURT SHOULD DETAIN THE DEFENDANT BECAUSE HE IS A DANGER TO THE COMMUNITY AND A SERIOUS RISK OF FLIGHT

There is clear and convincing evidence that the defendant should be detained pending trial to ensure the safety of the community. There is also a preponderance of the evidence that the defendant poses a serious risk of flight.

#### A. The Defendant is Charged with a Serious Offense

The nature and circumstances of the offense charged in this case strongly weigh in favor of detention. The defendant has been charged with a serious offense arising from his conduct detailed in the compliant and above. In considering the nature and circumstances of the offense, moreover, the Court should also weigh the possible penalty the defendant faces upon conviction. *See United States v. Townsend*, 897 F.2d 989, 995 (9th Cir. 1990). Here, the defendant faces a sentence of up to life imprisonment. Aa result, his potential sentence and term of imprisonment represent a substantial penalty, which would serve as powerful motivation for him to flee the jurisdiction were he to be released.

Furthermore, the facts alleged in the complaint indicate that the defendant and his co-conspirators engaged in multi-state travel to engage in a coordinated attack and act of violence. They used multiple modes of transportation and lodging to effectuate this offense.

As a result, this factor thus weighs against the defendant.

**B. The Defendant Poses a Danger to the Community if Released**

As noted above, the facts in this case indicate the defendant along with others brandished and used multiple firearms while stealing items from their victims. At one point, a victim was placed in an execution position and a firearm was placed to the back of their head. After this offense, the defendant left the jurisdiction and was arrested in the Middle District of Tennessee. Thus, he poses a danger to the community. Based on these facts, there is clear and convincing evidence that the defendant is a danger to the community. 18 U.S.C. § 3142(f)(2)(b); *see also Stone*, 608 F.3d at 945.

Therefore, the government requests that the defendant be held in custody in this case pending his trial.

## IV. CONCLUSION

For the foregoing reasons, as well as any reasons which may be set forth at a hearing on this motion, the government respectfully requests that the Court order the Defendants detained pending trial and request three days to prepare for the detention hearing.

Respectfully submitted,

BRADEN H. BOUCEK
United States Attorney
for the Middle District of Tennessee

By:     *s/ Ahmed A. Safeeullah*
Ahmed A. Safeeullah
Assistant United States Attorney
719 Church Street, Suite 3300
Nashville, Tennessee  37203
Phone: 615-736-5151

4